# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

DANE AYERS,

      Plaintiff,

v.

ENVIRO-CLEAN SERVICES, INC.
and WALLED LAKE
CONSOLIDATED SCHOOL
DISTRICT,

      Defendants.

Case:2:19-cv-10314
Judge: Murphy, Stephen J.
MJ: Majzoub, Mona K.
Filed: 02-01-2019 At 01:12 PM
CMP DANE AYERS V ENVIRO-CLEAN SERVI
CES INC, ET AL (LG)

Magistrate Judge

---

Dane Ayers
936 Amenia Street
Wolverine Lake, MI 48390
248-896-2438
Pro Se

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Dane Ayers, pro se, complains against Defendants Enviro-Clean Services, Inc. and Walled Lake Consolidated School District as follows:

1

## INTRODUCTION

1. This is a disability discrimination action brought pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") and Michigan's Persons With Disabilities Civil Rights Act ("PWDCRA")

2. Plaintiff Dane Ayers seeks equitable relief and legal damages to enforce his rights under the ADA and PWDCRA to be free from discrimination in employment on the basis of disability.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Dane Ayers is an individual residing in Wolverine Lake, in Oakland County, Michigan.

4. Defendant Enviro-Clean Services, Inc. is a Michigan corporation with its principal place of business in Holland, Michigan.

5. Defendant Walled Lake Consolidated School District is a Michigan general powers school district with its principal place of business in the City of Walled Lake, County of Oakland, State of Michigan.

6. This civil action is based upon violations of federal law, specifically the Americans with Disabilities Act, and pendent state law claims under the Michigan Persons With Disabilities Civil Rights Act.

7. This Court has subject matter jurisdiction over Plaintiff's Claims under the Americans With Disabilities Act because those claims arise under federal law.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same set of operative facts, such that the state and federal claims form part of the same case and controversy.

9. This Court has personal jurisdiction over Defendants because Defendants reside in and conduct substantial business in Michigan and the events giving rise to this action occurred in the Eastern District of Michigan.

10. Venue is proper in this District because the events giving rise to the claims occurred in this District, and the parties reside in and conduct business in this district.

11. Prior to filing this action, Plaintiff exhausted his administrative remedies by filing a timely charge of discrimination

against Enviro-Clean Services, Inc. with the Equal Employment Opportunity Commission (EEOC).

12. Plaintiff filed his EEOC charge on April 4, 2018. (Exhibit 1- Charge of Discrimination).

13. The EEOC issued a dismissal and notice of right-to-sue as to Plaintiff's charge on November 2, 2018. (Exhibit 2 – Dismissal and Notice of Rights).

14. This action is filed within 90-days of Plaintiff's receipt of the Dismissal and Notice of Rights from the EEOC.

## GENERAL ALLEGATIONS

15. Plaintiff Dane Ayers ("Ayers") is a 24-year old man.

16. Ayers is a former student of the Walled Lake Consolidate School District.

17. Ayers is a qualified person with a disability for purposes of the ADA and PWDCRA because he has been diagnosed with autism spectrum disorder ("ASD").

18. ASD is a neurodevelopmental disorder that is characterized by persistent deficits in social communication and social interaction across multiple contexts, including deficits in social reciprocity,

nonverbal communicative behaviors used for social interaction, and skills in developing, maintaining, and understanding relationships.

19. ASD substantially impairs Ayers in the major life activities of cognition, learning, thinking, speaking, social interaction and communicating, among other major life activities.

20. Ayers previously attended Walled Lake Central High School.

21. On June 13, 2017, Ayers visited Walled Lake Central High School because he observed a sign outside the school advertising a hiring process for open jobs.

22. Inside the school, Ayers spoke with an individual who, upon information and belief, was an employee/agent of Defendant Enviro-Clean Services, Inc. ("Enviro-Clean") and/or Defendant Walled Lake Consolidated School District.

23. This person directed Ayers to apply for a janitorial position through the Enviro-Clean website.

24. Ayers applied for an open position using the Enviro-Clean website.

25. Ayers meets all the qualifications for the position and was fully qualified to perform the essential functions of the position, with or without reasonable accommodation.

26. On June 14, 2017, Enviro-Clean, Inc. notified Ayers that he would be interviewed for the job on June 20, 2017.

27. Later that day, a representative of Walled Lake Central High School wrote a letter to Ayers falsely accusing him of trespassing.

28. The letter references a previous "trespassing letter" issued against Ayers on April 15, 2016, when he had entered the school to use a bathroom.

29. The school officials responsible for issuing these letters and for accusing Ayers of trespassing had knowledge of Ayers's disability because he was a former student of Walled Lake Consolidated School District and they were otherwise personally familiar with Ayers.

30. All representatives of Defendants who interacted with Ayers had knowledge of Ayers's disability or had reason to know of his disability because the symptoms of his disability are noticeable and readily ascertainable to any reasonable person who interacts with him.

31. Because of the outward symptoms of Ayers's disability, at all relevant times, Defendants regarded and perceived Ayers as disabled.

32. Because of Ayers's disability and record of disability, Defendants engaged in the actions alleged herein based on his record of having a disability for purposes of the ADA and PWDCRA.

33. The Walled Lake school officials responsible for cancelling Ayers's interview with Enviro-Clean and terminating his opportunity for employment with Enviro-Clean include Eric Henderson, Assistant Principal and supervisor of the Autism Spectrum Program at Walled Lake Central High School.

34. Henderson had spoken with the person who discussed potential employment with Ayers.

35. Henderson knew that Ayers was on school property looking for information regarding a job posting outside of the school.

36. Henderson spoke with personnel from Enviro-Clean and told them that Ayers would not be a good fit for the school.

37. Henderson also contacted the police to report Ayers and initiate criminal charges against him for trespassing, despite knowing

that Ayers was disabled and despite knowing that Ayers was on school property looking for information regarding a job posting.

38. On June 15, 2017, deputy officers from the Oakland County Sheriff's Department issued Ayers a citation for trespassing.

39. On June 16, 2017, Enviro-Clean notified Ayers that the job interview had been cancelled.

40. Enviro-Clean cancelled the job interview and denied Ayers the opportunity to obtain employment because representatives of Walled Lake Consolidated School District, with knowledge of Ayers's disability, directed Enviro-Clean to cancel his interview and reject his application for employment.

41. Upon information and belief, Enviro-Clean had open positions available for which Ayers was qualified, and it filled those position with persons who, unlike Ayers, did not have any disability, actual or as perceived Defendants.

42. The actions taken by Defendants against Ayers, including the cancellation of his interview, the denial of employment opportunities with Defendants, and the pressing of criminal charges, were a direct result of Ayers's disability, record of disability, perceived disability,

and/or Defendants' refusal to accommodate or engage in an interactive process to determine reasonable accommodations for Ayers's disability.

43.   As a direct result of the foregoing, Ayers has experienced and will continue to experience economic damages, including lost wages and benefits, and other forms of economic and non-economic damages including mental and emotional distress, anguish, and pain and suffering.

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT DISABILITY DISCRIMINATION

## PLAINTIFF VS. DEFENDANT ENVIRO-CLEAN SERVICES, INC.

44.   Plaintiff incorporates all foregoing allegations by reference as though stated in full herein.

45.   The Americans With Disabilities Act (ADA) makes it unlawful for an employer to discriminate against a qualified individual because the individual has a disability, a record of a disability or because the employer perceives or regards the individual as disabled.

46.   The ADA further requires employers to provide reasonable accommodations to qualified individuals with disabilities to ensure that they can perform the essential functions of their job, unless providing the

reasonable accommodation would impose an undue hardship on the employer.

47. The ADA further requires employers to engage in a meaningful interactive process with employees with regard to reasonable accommodations.

48. At all relevant times, Enviro-Clean Services, Inc. was an employer for purposes of the ADA.

49. At all relevant times, Ayers was a qualified individual with a disability for purposes of the Act.

50. Ayers is diagnosed with Autism Spectrum Disorder ("ASD").

51. ASD is a neurodevelopmental disorder that is characterized by persistent deficits in social communication and social interaction across multiple contexts, including deficits in social reciprocity, nonverbal communicative behaviors used for social interaction, and skills in developing, maintaining, and understanding relationships.

52. ASD substantially impairs Ayers in the major life activities of cognition, learning, thinking, speaking, social interaction and communicating, among other major life activities.

53. Defendants were aware of Ayers's disability and record of disability.

54. Defendants perceived and regarded Ayers's as disabled.

55. Ayers was fully qualified for the position he sought with Defendants, with or without reasonable accommodation.

56. Notwithstanding its obligations under the ADA, and in willful violation thereof, Defendant Enviro-Clean discriminated against Ayers because of disability by:

   a. Cancelling his employment interview because of his disability, record of disability or because it perceived Ayers as disabled;

   b. Failing to furnish reasonable accommodations for Ayers's disability;

   c. Failing to engage in a meaningful interactive process to determine how to accommodate Ayers's disability relative to the needs of the position he sought; and

   d. Pressing criminal charges against Ayers because of his disability or perceived disability.

57. Ayers's disability, or Defendants' perception of Ayers's disability, was the but-for cause of these adverse employment actions

58. Ayers's disability or Defendants' perception of his disability had a determinative influence on the outcome of his application for employment.

59. Henderson, with knowledge that Ayers was disabled, or perceiving or regarding Ayers as disabled, acted with a discriminatory bias based on Ayers's actual or perceived disability to cause Enviro-Clean to cancel Ayers's interview and deny Ayers an employment opportunity.

60. Henderson's actions were a a proximate cause of the ultimate employment action, thus making Enviro-Clean liable for Henderson's actions.

61. Henderson's discriminatory actions had a direct relation to the ultimate action of cancelling Ayers's interview and denying Ayers employment opportunity with Defendants.

62. But-for these discriminatory actions based on disability, perceived disability, or record of disability, Ayers would have successfully obtained employment with Defendants.

63. As a direct result of the adverse treatment experienced in connection with the foregoing, Ayers has experienced and will continue to experience economic damages, including lost wages and benefits, and other forms of economic and non-economic damages including emotional distress, anguish and pain and suffering.

## COUNT II

### VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT DISABILITY DISCRIMINATION

### PLAINTIFF VS. DEFNDANTS ENVIRO-CLEAN SERVICES, INC. AND WALLED LAKE CONSOLIDATED SCHOOL DISTRICT

64. Plaintiff incorporates all of the foregoing allegations by reference as though stated in full herein.

65. At all relevant times, Defendants were employers within the terms of Michigan's Persons With Disabilities Civil Rights Act, M.C.L. §37.1101, et seq.

66. Defendants were each employers, or were joint employers, for purposes of the PWDCRA because both Defendants had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records.

67. Ayers was a qualified individual with a disability and/or perceived disability within the meaning of the PWDCRA because he had a disability and/or was perceived or regarded by Defendants as having a disability that substantially limited him in one or more of his major life activities.

68. Under Michigan's PWDCRA, Defendants were legally obligated to refrain from discriminating against Ayers because of his disability or because Defendants regarded or perceived Ayers has having a disability.

69. Ayers's autism spectrum disorder is a disability for purposes of the PWDCRA because it causes Ayers to be substantially limited in major life activities, including but not limited to: cognition, comprehension, learning, thinking, speaking, communicating and social interaction.

70. Notwithstanding his disability, Ayers was fully qualified for the position he sought with Defendants, with or without reasonable accommodation.

71. Notwithstanding its obligations under the PWDCRA, and in willful violation thereof, Defendants discriminated against Ayers because of disability by:

   a. Cancelling his employment interview because of his disability, record of disability or because it perceived Ayers as disabled;

   b. Failing to furnish reasonable accommodations for Ayers's disability;

   c. Failing to engage in a meaningful interactive process to determine how to accommodate Ayers's disability relative to the needs of the position he sought; and

   d. Pressing criminal charges against Ayers because of his disability or perceived disability.

72. Ayers's disability, or Defendants' perception of Ayers's disability, was the but-for cause of these adverse employment actions.

73. Ayers's disability or Defendants' perception of his disability had a determinative influence on the outcome of his application for employment.

74. Henderson, with knowledge that Ayers was disabled, or perceiving or regarding Ayers as disabled, acted with a discriminatory bias based on Ayers's actual or perceived disability to cause Enviro-Clean to cancel Ayers's interview and deny Ayers an employment opportunity.

75. Henderson's actions were a a proximate cause of the ultimate employment action, thus making Enviro-Clean liable for Henderson's actions.

76. Henderson's discriminatory actions had a direct relation to the ultimate action of cancelling Ayers's interview and denying Ayers employment opportunity with Defendants.

77. But-for these discriminatory actions based on disability, perceived disability, or record of disability, Ayers would have successfully obtained employment with Defendants.

78. As a direct result of the adverse treatment experienced in connection with the foregoing, Ayers has experienced and will continue to experience economic damages, including lost wages and benefits, and other forms of economic and non-economic damages including emotional distress, anguish and pain and suffering.

## RELIEF REQUESTED

79. Based on the violations of the ADA and Michigan's PWDCRA alleged above, Ayers requests the following relief:

   a. Equitable relief including instatement/reinstatement to the position he sought, or to a comparable position, in order to make him whole;

   b. Front pay in lieu of reinstatement;

   c. Compensation in the form of all lost wages, benefits, and other forms of compensation, both economic and non-economic, past and future, resulting from the discriminatory treatment described in this Complaint;

   d. Punitive Damages;

   e. Costs, interest, and attorney fees; and

   f. All other relief as the Court deems just and equitable.

Respectfully Submitted,

*Dane Ayers*
Dane Ayers
936 Amenia Street
Wolverine Lake, MI 48390

                                                    248-896-2438
                                                    Pro Se

Date: January 30, 2019

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all causes of actions alleged in his Complaint.

                                                Respectfully Submitted,

                                                */s/ Dane Ayers*
                                                Dane Ayers
                                                936 Amenia Street
                                                Wolverine Lake, MI 48390
                                                248-896-2438
                                                Pro Se

Date: January 30, 2019

## NOTICE OF LIMITED SCOPE ASSISTANCE

This document was drafted or partially drafted with the assistance of a lawyer licensed to practice in the State of Michigan, pursuant to MRPC 1.2(b). This document was prepared with the assistance of the Detroit Mercy Law Pro Se Legal Assistance Clinic, Theodore Levin U.S. Courthouse, Room 1044, 231 W. Lafayette Blvd., Detroit, MI 48226, Tel: 313-234-2690.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Dane Ayers

**DEFENDANTS**
Envir[onmental]

Andrew J. VanBronkhorst
Hewson & Van Hellemont, P.C.
625 Kenmoor Ave., SE
Ste. 304
Grand Rapids, MI 49546

**(b)** County of Residence of First Listed Plaintiff   Oakland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Oakland
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro-SE
936 Amenia
Wolverine Lake, Mi 48390   284 896-2438

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  1/30/19
SIGNATURE OF ATTORNEY OF RECORD   *Dane Dannie Ayers*

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

**PURSUANT TO LOCAL RULE 83.11**

1.     Is this a case that has been previously dismissed?      ☐ Yes   ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☐ Yes   ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

    Notes : _____