UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANE AYERS,

          Plaintiff,

v.

ENVIRO-CLEAN SERVICES, INC.
and WALLED LAKE
CONSOLIDATED SCHOOL
DISTRICT,

          Defendants.

Case No. 2:19-cv-10314

HONORABLE STEPHEN J. MURPHY, III

_____/

## OMNIBUS OPINION AND ORDER

Plaintiff Dane Ayers sued Defendant Enviro-Clean Services, Inc. for violating the Americans with Disabilities Act ("ADA") and Michigan's Persons With Disabilities Civil Rights Act ("PWDCRA"). ECF 1, PgID 9–16. Plaintiff also sued Defendant Walled Lake Consolidated School District for violating the PWDCRA. *Id.* at 13–16. Enviro-Clean moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), ECF 23, and the School District moved for judgment on the pleadings under Rule 12(c), ECF 22. Shortly after, Plaintiff's attorneys moved to withdraw from the case due to a breakdown in the attorney-client relationship. ECF 29; 30. Still, the parties fully briefed the motions. ECF 32; 33; 35–39.

In an omnibus order, the Court granted Enviro-Clean's motion to dismiss the ADA claim because Plaintiff had not timely exhausted his administrative remedies. ECF 40, PgID 605–06. The Court also declined to exercise supplemental jurisdiction

1

over the state law claims and dismissed the claims without prejudice. *Id.* at 606–07. The Court ultimately denied the motions to withdraw as moot. *Id.* at 607.

Plaintiff then appealed the omnibus order and the Sixth Circuit vacated the Court's judgment. ECF 47. The Sixth Circuit held that Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and thus timely exhausted his administrative remedies. *Id.* at 635–36. The Sixth Circuit recently issued a mandate for the case. ECF 48.

Because the Court's omnibus order only ruled on one argument in Enviro-Clean's motion to dismiss, the Court will address the remaining arguments in the motion to dismiss and the motion for judgment on the pleadings. The Court will also address the motions to withdraw. Because the motions are fully briefed, a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f).

## BACKGROUND[1]

Plaintiff is in his mid-twenties and is a former student of Walled Lake Consolidated School District. ECF 1, PgID 4. Plaintiff has been diagnosed with autism spectrum disorder. *Id.*

In April 2016, the Assistant Principal of Plaintiff's former high school, Walled Lake Central, issued a "trespassing letter" to Plaintiff because Plaintiff had entered school property despite not being a student or an employee. *Id.* at 5–6; *see also* ECF

---

[1] Because the Court must view all facts in the light most favorable to the nonmoving party, *see Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008), the Court's recitation does not constitute a finding or proof of any fact.

2

23-3, PgID 344–46; ECF 23-10, PgID 403. The letter explained that Plaintiff was forbidden from stepping foot on Walled Lake Central property. ECF 23-10, PgID 403.

Despite the trespassing letter, Plaintiff visited Walled Lake Central again in June 2017 to ask about the hiring process for open jobs. ECF 1, PgID 5. While inside the school, Plaintiff believed that he spoke with an employee who worked for Enviro-Clean or the School District. *Id.* The employee told Plaintiff to apply for a janitorial position on Enviro-Clean's website. *Id.*

Plaintiff then applied online for a full-time school cleaning job at Walled Lake Schools. *Id.* at 6; *see also* ECF 23-2, PgID 333–36 (Plaintiff's job application). The next day, Enviro-Clean asked Plaintiff to interview for the job. ECF 1, PgID 6. Shortly after that, the Oakland County Sheriff's Department wrote Plaintiff a citation for trespassing on Walled Lake Central property. *Id.* at 8; *see also* ECF 23-11, PgID 405. And on the very next day, Enviro-Clean cancelled Plaintiff's interview. ECF 1, PgID 8.

Plaintiff believed that School District employees directed Enviro-Clean to cancel the interview and deny his job application. *Id.* at 8. Plaintiff also believed that he was qualified for open positions he applied for with Enviro-Clean and that Enviro-Clean denied his job application because of his disability. *Id.* at 8–9.

The day after Enviro-Clean cancelled Plaintiff's interview, Plaintiff was arraigned on the trespassing charge; he pleaded not guilty. ECF 23-12, PgID 410. At the arraignment, a state judge ordered Plaintiff not to "go back to Walled Lake Central." *Id.* at 412. At trial, Plaintiff was found guilty of the trespassing charge.

3

ECF 23-3, PgID 366. And at sentencing, the state judge prohibited Plaintiff from being on Walled Lake Central property as part of his probation conditions. ECF 23-18, PgID 456.

**LEGAL STANDARD**

I.  The Motions Will Be Treated as Motions to Dismiss Under Rule 12(b)(6)

Ordinarily, the Court cannot consider matters beyond the complaint when it reviews a motion to dismiss. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (citation omitted). Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the [C]ourt, the motion must be treated as one for summary judgment." But the Court may consider public records without converting the motion to dismiss into a summary judgment motion. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (citation omitted). And "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

In Enviro-Clean's Rule 12(b)(6) motion, it attached an April 15, 2016 letter from the Assistant Principal of Walled Lake Central. ECF 23-10, PgID 403. Plaintiff addressed the letter in the complaint. ECF 1, PgID 6. Likewise, Enviro-Clean attached Plaintiff's employment application, ECF 23-2, PgID 333–35, which Plaintiff referenced in the complaint, ECF 1, PgID 8. And the transcripts of state judicial proceedings also attached to Enviro-Clean's motion to dismiss, ECF 23-3; 23-12; 23-

4

18, are public records. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) ("[A] court may properly look at public records, including judicial proceedings[.]") (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)). Because these documents are integral to Plaintiff's claims and were mentioned in the complaint or are public records, the Court may consider the documents at the Rule 12(b)(6) motion to dismiss stage.[2]

II.  Rule 12(b)(6) Legal Standard

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430.

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009). To resolve a Rule 12(b)(6) motion, the Court may rely on "exhibits attached [to the complaint] . . . and exhibits attached to [D]efendant's motion to dismiss so long as

---

[2] The School District moved to dismiss under Rule 12(c). ECF 22. A Rule 12(c) motion follows the same legal standard as a Rule 12(b)(6) motion. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389 (6th Cir. 2007).

they are referred to in the [c]omplaint and are central to the claims." *Bassett*, 528 F.3d at 430.

## DISCUSSION

The Court will first address the ADA claim. After, the Court will address the state law claims.

I. ADA Claim

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures[] [and] [] hiring." 42 U.S.C. § 12112(a). ADA discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant." *Id.* § 12112(b)(5)(A). A "'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8).

The ADA also proscribes "denying employment opportunities to a job applicant [] who is an otherwise qualified individual with a disability, if such denial is based on the need of [the employer] to make reasonable accommodation to the physical or mental impairments of the [] applicant." *Id.* § 12112(b)(5)(B). A "reasonable accommodation" includes "job restructuring, part-time or modified work schedules, [and] reassignment to a vacant position." *Id.* § 12111(9)(B).

"As a threshold matter in every disability-discrimination claim, a plaintiff must demonstrate that (1) []he is disabled; and (2) []he is 'otherwise qualified for the

6

position despite' [his] disability, either with or without a reasonable accommodation." *Williams v. AT&T Mobility Servs. LLC*, 847 F.3d 384, 391 (6th Cir. 2017) (citation omitted). Enviro-Clean did not challenge whether Plaintiff is "disabled" under the ADA. *See* ECF 23.[3] The Court will therefore address Enviro-Clean's challenge that Plaintiff was unqualified for the janitorial position.

Enviro-Clean offered several reasons why Plaintiff was unqualified for the job. Enviro-Clean first asserted Plaintiff could not enter Walled Lake Central High School property and thus could not fulfill the job's attendance requirement. ECF 23, PgID 317. Enviro-Clean also asserted Plaintiff would endanger the health and safety of others in the workplace. *Id.* at 322. Last, Enviro-Clean claimed the Court is barred from hearing the ADA claim under the *Rooker-Feldman* doctrine and issue preclusion. *Id.* at 323, n.5. The Court will address each claim in turn.

A. *Attendance Qualification*

"The Sixth Circuit has held that an employee who is unable to 'meet the attendance requirements of the job at issue cannot be considered a 'qualified' individual protected by the ADA.'" *Coles v. Johnny Appleseed Broad. Co.*, 479 F. Supp. 3d 585, 597 (N.D. Ohio 2020) (quoting *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1047 (6th Cir. 1998)); *see also EEOC v. Ford Motor Co.*, 782 F.3d 753, 762–63 (6th Cir. 2015) (en banc) ("Regular, in-person attendance is an essential function—

---

[3] The School District appeared to challenge Plaintiff's disability, but the argument appeared in the reply to Plaintiff's response brief. ECF 39, PgID 601–02. Arguments raised for the first time in a reply to a response brief are waived. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

7

and a prerequisite to essential functions—of most jobs, especially the interactive ones."). The Sixth Circuit has also clarified that "regular attendance" is almost always an essential function of a job. *Williams*, 847 F.3d at 392 ("The *Ford* decision leaves open the possibility that regular attendance might not be an essential function of every job, but suggests that exceptions will be relatively rare.").

Enviro-Clean offered evidence from several sources that tended to show Plaintiff was barred from entering Walled Lake Central High School property. For one, the Assistant Principal of the High School signed a letter forbidding Plaintiff "from returning to the grounds of Walled Lake Central for any reason." ECF 23-10, PgID 403. For another, two Michigan state judges prohibited Plaintiff from entering Walled Lake Central under any condition because of the trespassing ticket, of which Plaintiff was convicted. ECF 23-12, PgID 412; ECF 23-18, PgID 456.

Although Plaintiff was prohibited from setting foot in Walled Lake Central, no evidence showed that Plaintiff could not set foot in other schools or facilities belonging to the School District. The evidence offered by Enviro-Clean showed only that Plaintiff could not enter Walled Lake Central High School. And Plaintiff applied for a janitorial position with "Walled Lake Schools." ECF 23-2, PgID 336. Although Plaintiff may have been unqualified for a janitorial position within Walled Lake Central based on the attendance qualification, no evidence showed that Plaintiff had applied only for a janitorial position at the high school. What is more, no evidence showed that the School District had open janitorial positions at only Walled Lake Central High School. In short, without more factual development, it is plausible that

8

Plaintiff could meet the attendance qualification for the open janitorial position that he applied for at Walled Lake Schools. As a result, the Court will deny the motion to dismiss on the attendance qualification argument.

### B. *Health and Safety Qualification*

A disabled person is unqualified for a job "if he [] poses a 'direct threat' to the health or safety of others which cannot be eliminated by a reasonable accommodation." *Michael v. City of Troy Police Dep't*, 808 F.3d 304, 307 (6th Cir. 2015) (citation omitted); *see also* 42 U.S.C. § 12113(b) (An employer may require "that an individual shall not pose a direct threat to the health or safety of other individuals in the workplace."). "The term 'direct threat' means a significant risk to the health or safety of others that cannot be eliminated by reasonable accommodation." 42 U.S.C. § 12111(3). Whether an individual poses a "direct threat" to others is a defense under the ADA. *Id.* § 12113. And "whether an employer properly determined that a person poses a direct threat, for purposes of the ADA, depends on the objective reasonableness of the employer's actions." *Michael*, 808 F.3d at 307 (cleaned up).

"An employer's determination that a person cannot safely perform his job functions is objectively reasonable when the employer relies upon a medical opinion that is itself objectively reasonable." *Id.* at 307. "[T]estimonial evidence" about the employee's behavior is also enough for the Court to uphold an ADA direct threat finding. *Id.* at 307 (citation omitted).

Enviro-Clean offered evidence of several police reports that involved Plaintiff. ECF 23-4–23-9. The reports explain that Plaintiff had the police called on him several times for various incidents. *See generally id.*

Plaintiff countered with two reasons why the Court should give little weight to the police reports. Plaintiff first asserted the police reports were inadmissible hearsay. ECF 36, PgID 573–74. And second, Plaintiff argued he needs discovery to develop a factual record that can rebut the evidence Enviro-Clean attached to the motion to dismiss. *Id.* at 574–77. The Court agrees with Plaintiff's second argument and will deny the motion to dismiss the ADA claim.

It would be premature for the Court to determine whether Plaintiff was unqualified based on a "direct threat" finding for two reasons. One, for Plaintiff to show he was qualified for the job, he must show that he "can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). "[E]ssential functions are the core job duties, not the marginal ones." *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 854 (6th Cir. 2018) (citing 29 C.F.R. § 1630.2(n)(1)). There are few categorical rules defining a job's "essential function." *Id.* Rather, the analysis is "highly fact specific." *Id.* (quoting *Mosby-Meachem v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 605 (6th Cir. 2018)).

Enviro-Clean has not shown whether any criminal history necessarily barred Enviro-Clean from hiring Plaintiff for the janitorial position. For example, Enviro-Clean has not shown that certain criminal convictions, such as a trespass conviction, would bar Plaintiff's employment. Granted, Enviro-Clean argued that trespassing on

10

school grounds is an enumerated crime that school boards must notify the public about on their websites under Mich. Comp. Laws § 380.1310a. ECF 38, PgID 588. But the argument was first raised in Enviro-Clean's reply brief and thus Enviro-Clean waived it. *Id.*; *see Flowers*, 513 F.3d at 553. And in any event, the argument failed to connect whether trespassing at Walled Lake Central was linked to barring Plaintiff from working at any school or facility within the School District as a janitor. To that end, Enviro-Clean also explained Michigan school districts have the authority to "[p]rovid[e] for the safety and welfare of pupils while at school." Mich. Comp. Laws § 380.11a(3)(b). Although the suggestion is true, Enviro-Clean has not shown what exact essential function of the janitorial job Plaintiff was unqualified for based on the interactions detailed in the police reports.

For example, if the police reports are admissible, the police reports do not show that Defendant threatened employees within the School District. If he had, then Plaintiff might have been unqualified for the position. *See Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 813 (6th Cir. 1999) ("'[T]hreatening other employees disqualifies one' from a job.") (quoting *Palmer v. Cir. Ct. of Cook Cnty.*, 117 F.3d 351, 352 (7th Cir. 1997)). The police reports also fail to show that Plaintiff had a criminal conviction before Enviro-Clean denied his application. Thus, without more evidence, it would be premature for the Court to determine whether Plaintiff was unqualified for the janitorial position based on the police reports and the trespassing citation.

Second, whether Enviro-Clean could refuse to hire Plaintiff based on his past interactions with the police and his trespassing conviction is best saved for a

11

summary judgment argument under the *McDonnell Douglas* burden-shifting standard. *Yarberry v. Gregg Appliances, Inc.*, 625 F. App'x 729, 735 (6th Cir. 2015) (explaining that federal courts evaluate ADA claims under the *McDonnell Douglas* standard). At its core, "*McDonnell Douglas* [] is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). For that reason, requiring Plaintiff "to plead a prima facie case under *McDonnell Douglas* in order to survive a motion to dismiss" would be an error. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012).

Indeed, without more evidence, the Court cannot determine whether Enviro-Clean "properly determined that [Plaintiff] poses a direct threat, for purposes of the ADA" because the Court does not know whether Enviro-Clean terminated Plaintiff's interview based on "objective[ly] reasonable[] . . . actions." *Michael*, 808 F.3d at 307 (quotation and citation omitted). In other words, it is plausible, based on the complaint, that Enviro-Clean terminated Plaintiff's application without knowing whether Plaintiff posed a direct threat to the safety of others in the workplace.

At bottom, it could very well be the case that Plaintiff's interactions with police or the trespassing citation were a "legitimate, non-discriminatory reason" for Enviro-Clean to not hire Plaintiff, but for the Court to make that finding at this stage would, again, be premature. *Yarberry*, 625 F. App'x at 735 (quotation and citation omitted). In sum, "the burden of making out a prima facie case is not an onerous one," *Hostettler*, 895 F.3d at 855, and Plaintiff has satisfied that burden.

12

### C. Rooker-Feldman *and Issue Preclusion*

Last, the Court is not barred from hearing Plaintiff's ADA claim under the *Rooker-Feldman* doctrine or issue preclusion. "The *Rooker–Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). Yet *Rooker-Feldman* is not a bar to the ADA claim because, although the Court may not modify Defendant's trespassing conviction, "Plaintiff does not ask th[e] Court to reverse or modify his trespassing conviction." ECF 35, PgID 556. And because Defendant is not seeking review of the trespassing conviction, issue preclusion (collateral estoppel) does not apply either. *See Montana v. United States*, 440 U.S. 147, 153 (1979) (Issue preclusion applies "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."). The Court will therefore decline to dismiss the ADA claim against Enviro-Clean.

## II. PWDCRA Claims

The Court will first address the PWDCRA claim against the School District. After, the Court will address the PWDCRA claim against Enviro-Clean.

### A. *Walled Lake Consolidated School District*

The PWDCRA "substantially mirrors the ADA, and resolution of a plaintiff's ADA claim will generally, though not always, resolve the plaintiff's PWDCRA claim." *Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012) (quotation omitted); *see also*

13

*Chiles v. Mach. Shop, Inc.*, 238 Mich. App. 462, 472 (1999) ("[The Michigan Court of Appeals] and the Michigan Supreme Court have noted that the federal [ADA] and the PWDCRA share the same purpose and use similar definitions and analyses, and both courts have relied on the ADA in interpreting the PWDCRA."). The School District's motion raised the same arguments as Enviro-Clean's motion. *Compare* ECF 22, PgID 81 *with* ECF 23, PgID 298. And the School District has "provide[d] no argument as to why [the Court] should treat the claims separately, nor does [the Court's] review indicate as much." *Sybra, Inc.*, 667 F.3d at 764; *see* ECF 22, PgID 102–09. On that basis, the Court will deny the School District's motion for the same reasons that the Court denied Enviro-Clean's motion to dismiss the ADA claim.

    B.    *Enviro-Clean*

The Court will dismiss the PWDCRA claim against Enviro-Clean as untimely. Plaintiff signed the job application, which contained a one hundred eighty-day limitations period. ECF 23-2, PgID 335. The application unambiguously stated, "I agree that any action, claim or lawsuit against [Enviro-Clean] . . . arising out of or related to my [] application for employment, or consideration for employment, must be brought within 180 days of the event giving rise to the claims or be forever barred." *Id.*

Under Michigan law, "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Rory v. Cont'l Ins. Co.*, 473 Mich. 457, 470 (2005). "[T]here is no general public policy prohibition against contractually-shortened

14

limitations periods for employment contracts between private parties, even when the limitation affects civil rights claims." *Wineman v. Durkee Lakes Hunting & Fishing Club, Inc.*, 352 F. Supp. 2d 815, 820 (E.D. Mich. 2005) (citation omitted). The one hundred eighty-day limitations period appears reasonable and Plaintiff made no attempt to argue that the Court should not enforce it. *See* ECF 36, PgID 570–73 (arguing only that the shortened limitations period does not apply to the ADA claim); *see also* ECF 38, PgID 584 (noting that the response brief failed to address the shortened limitations period to the ADA claim). The Court will therefore apply the one hundred eighty-day limitations period.

Based on the shortened limitations period, the Court must dismiss the claim as untimely. The events that gave rise to the PWDCRA claim occurred when Enviro-Clean cancelled Plaintiff's job interview in June 2017. ECF 1, PgID 8. Plaintiff filed the complaint in February 2019. As a result, the PWDCRA claim against Enviro-Clean is untimely and the Court will dismiss it.

Because the Court is dismissing Enviro-Clean's Rule 12(b)(6) motion in part, the Court will require Enviro-Clean to answer the complaint no later than October 1, 2021.

III. <u>Case Management</u>

Assuming Plaintiff's attorneys would renew their motions to withdraw, the Court will grant the motions to withdraw. The attorneys explained their relationship with Plaintiff irreconcilably broke down more than a year ago (before the parties fully briefed the motions to dismiss). ECF 29, PgID 528; ECF 30, PgID 530. Defendants

15

did not oppose the withdrawals. ECF 32, PgID 534; ECF 33, PgID 537. Plaintiff, however, opposed the withdrawals. ECF 34, PgID 539. Plaintiff explained a withdrawal would prejudice him because, without his attorneys, Plaintiff would be unable to comply with the deadlines to respond to the motions to dismiss. *Id.*

Factors that influence whether a Court should exercise its discretion to permit an attorney to withdraw include: (1) the motion's timeliness, (2) the severity of the attorney-client conflict, and (3) "the public's interest in the prompt and efficient administration of justice." *U.S. S.E.C. v. Merklinger*, No. 08–CV–13184, 2009 WL 3498721, at *2 (E.D. Mich. Oct. 26, 2009) (citing *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001)).[4]

For the first factor, the withdrawal motions were timely because the Court resolved the motions to dismiss with full briefing, and the parties have not begun discovery. Because the attorneys moved to withdraw early in the case, Plaintiff is not prejudiced, and the Court will grant Plaintiff time to find new counsel before beginning discovery.

For the second factor, the attorneys have explained the relationship is beyond repair. ECF 29, PgID 528; ECF 30, PgID 530. Because Plaintiff appealed the case pro se, it appears that the attorneys and Plaintiff have not repaired their relationship since the withdrawal motions.

---

[4] The *Merklinger* court also mentioned a fourth factor, "the adequacy of the court's inquiry into the matter." 2009 WL 3498721, at *2. But this factor appears only relevant when an appellate court reviews a district court's order.

For the last factor, the public's interest in efficiently resolving the case is not hampered. The case will soon begin discovery and any delay created by Plaintiff finding a new attorney would be minimal.

Because each factor supports granting the motion, the Court will grant the withdrawal motions subject to these conditions:

Counsel must provide Plaintiff with a copy of this Order and highlight the following instruction: Plaintiff will have until October 1, 2021 to either (1) retain new counsel and have that counsel file an appearance; or (2) file notice that he intends to represent himself. If Plaintiff disregards the instruction, the Court will dismiss the case without prejudice. *See* Fed R. Civ. P. 41(b).

The Court will hold a Rule 16 conference after Plaintiff has retained new counsel or informed the Court that he wishes to proceed pro se.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Enviro-Clean Services, Inc.'s motion to dismiss [23] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Walled Lake Consolidated School District's motion to dismiss [22] is **DENIED**.

**IT IS FURTHER ORDERED** that the PWDCRA claim against Enviro-Clean Services, Inc. is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Enviro-Clean must **ANSWER** the complaint no later than **October 1, 2021**.

**IT IS FURTHER ORDERED** that the motions to withdraw [29, 30] are **GRANTED**.

**IT IS FURTHER ORDERED** that Joseph A. Golden and Syeda F. Davidson must **PROVIDE** Plaintiff with a copy of this Order, making special note of the Court's instruction about possible dismissal if Plaintiff disregards the Court's order. Golden and Davidson must **SEND** this Order to Plaintiff by email and certified mail. Golden and Davidson must **CERTIFY** on the docket that they complied with the Court's Order.

**IT IS FURTHER ORDERED** that Plaintiff must either (1) **RETAIN** new counsel and have that counsel file an appearance, or (2) **FILE** notice that he intends to represent himself, no later than **October 1, 2021**. If Plaintiff disregards the instruction, the Court will dismiss the case without prejudice.

**IT IS FURTHER ORDERED** that the case is **REOPENED**.

**SO ORDERED.**

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: September 8, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 8, 2021, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager